## Gibbons *v.* Wilkes-Barre, etc., St. Ry. Co., Appellant.

*Street railways—Negligence—Contributory negligence—Use of tracks.*

Street railway companies have not an exclusive right to the highways upon which they are permitted to run their cars, or even to the use of their own tracks. The public have a right to use these tracks in common with the railway companies, and, therefore, while the rights of the latter are in some respects superior to those of the former, it is not negligence per se for a citizen to be anywhere upon such tracks. So long as the right of a common user of the tracks exists in the public, it is the duty of passenger railway companies to exercise such watchful care as will prevent accidents or injuries to persons who, without negligence on their own part, may not at the moment be able to get out of the way of a passing car. The degree of care to be exercised must necessarily vary with the circumstances, and therefore no unbending rule can be laid down.

In an action to recover damages for the killing of a horse by an electric railway car there was evidence that plaintiff's driver drove his team in a street along the side of defendant's track, at a point in the street where there was only a narrow space between the track and a retaining wall. While in this space an electric car approached the team at a rate of speed variously estimated at from eight to sixteen miles an hour. The horses became frightened, and one of them was run into by the car, and his leg broken. *Held*, that the question of defendant's negligence and the contributory negligence of plaintiff's driver was for the jury.

Argued April 11, 1893. Appeal, No. 440, Jan. T., 1892, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1889, No. 93, on verdict for plaintiff, Robert Gibbons. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Trespass for injuries to horse.

At the trial, before RICE, P. J., it appeared that in August, 1889, plaintiff, the owner of the team of horses, was engaged in hauling in the city of Wilkes-Barre, and that his team was in charge of his driver, John Michael. Michael drove the team along Chestnut street, in a part of the street where there was only a narrow space between defendant's track and a retaining wall along the north side of the cart way. The south side of the street was obstructed by building material. There was evidence that he could have avoided this part of the street by going through Miner street, which was a somewhat longer route.

While in this space an electric car approached at a rate of speed estimated by different witnesses at from eight to sixteen miles an hour. The horses became frightened and unmanageable, and one of them was run into by the car, and his leg broken.

The court charged in part as follows:

" [The question is, whether or not the plaintiff or his driver was guilty of contributory negligence in selecting this road, when, according to the evidence, he might have gone by another. We say to you that it was not contributory negligence, as matter of law, for the driver to drive on that street even though the space between the track and the retaining wall was a narrow space, and even though an electric railway causing noise calculated to frighten horses be operated on that track.] [1]

" [If you find that as soon as the car came in sight the horses began to rear and jump, that the car was running at a high rate of speed, that the conductor saw, or ought to have seen in the exercise of ordinary prudence, the team, and that they were frightened, then in view of the width between the track and the retaining wall, was it not the duty of the conductor to stop, or at least to slow up his cars?] " [2]

Plaintiff's points were among others as follows:

" 3. If the driver was placed in a state of peril by the negligence of the car runner, the defendants are responsible for the consequences which ensued, though the jury may believe that the peril may have been increased by an effort made to avoid it, or that it might have been lessened or escaped by the exercise of unusual courage and self-possession. *Answer :* We answer that point in the affirmative ; provided, of course, he used ordinary care ; if he used the care of an ordinarily prudent man, under all of the circumstances ; that would be the measure of his duty. He cannot be held responsible for a failure to exercise unusual courage and self-possession, provided his peril was caused by the negligence of the defendant company." [3]

" 4. If the driver was placed in a state of peril by the negligence of those having charge of the car, the defendants are responsible for the consequences, as a defendant cannot impute a want of vigilance to one injured by his act as negligence, if that very want of vigilance were the consequences of an omission of duty on his part." Affirmed. [4]

Defendant's point was as follows:

" That the plaintiff cannot recover and the verdict must be for the defendant. *Answer :* We decline to charge as requested in that point, and submit it to you as question of fact under the instructions we have given you." [5]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1–5) instructions, quoting them.

*G. R. Bedford, D. A. Fell, Jr.*, with him, for appellent, cited : Aiken v. R. R., 130 Pa. 380 ; R. R. v. Stinger, 78 Pa. 220 ; Hill v. Tionesta Township, 146 Pa. 11 ; Haven v. Bridge Co., 151 Pa. 620 ; Fork Twp. v. King, 84 Pa. 230 ; Erie v. Magill, 101 Pa. 616 ; Ry. v. Taylor, 104 Pa. 306.

*B. McManus*, for appellee, cited : P. W. & B. R. R. v. Stinger, 78 Pa. 219; P. R. R. v. Barnett, 59 Pa. 265 ; West Phila. P. R. R. v. Mulhair, 6 W. N. 509 ; Lombard & South St. P. R. R. v. Steinhart, 2 Penny. 358 ; Erie City v. Schwingle, 22 Pa. 389; Beatty v. Gilmore, 16 Pa. 466 ; Hotchkin v. Philipsburg Boro., 8 Atl. R. 434 ; McCully v. Clark, 4 W. N. 187 ; R. R. v. Ogier, 35 Pa. 60 ; R. R. v. Smith, 28 Leg. Int. 101 ; Cougle v. McKee, 151 Pa. 602 ; Phila. & Reading R. R. v. Killips, 88 Pa. 405 ; McGrew v. Stone, 53 Pa. 436 ; Ehrisman v. Ry., 150 Pa. 180 ; Gilmore v. Ry., 153 Pa. 31 ; Bradwell v. Ry., 153 Pa. 105.

PER CURIAM, May 1, 1893 :

This case depended entirely on questions of fact which were fairly submitted to the jury in a clear and adequate charge to which no just exception can be taken.   The controlling questions were, the alleged negligence of defendants' employees, in charge of its car, resulting in the injury and loss of plaintiff's horse, on the one hand, and the alleged contributory negligence of plaintiff's driver, on the other.   In view of the testimony, these were both questions of fact, exclusively for the consideration of the jury.   To have instructed them to find for defendant company, as requested, would have been manifest error The plaintiff's driver had as much right to be on the highway, with his employer's team, as the defendant had to be there with its passenger car.   As was said by Mr. Justice HEYDRICK

in Gilmore v. Passenger Railway Co., 153 Pa. 31, " Street railway companies have not an exclusive right to the highways upon which they are permitted to run their cars, or even to the use of their own tracks. The public have a right to use these tracks in common with the railway companies, and therefore, while the rights of the latter are in some respects superior to those of the former, as was said in Ehrisman v. East Harrisburg Railway Co., 150 Pa. 180, it is not negligence per se for a citizen to be anywhere upon such tracks. So long as the right of a common user of the tracks exists in the public, it is the duty of passenger railway companies to exercise such watchful care as will prevent accidents or injuries to persons who, without negligence on their own part, may not at the moment be able to get out of the way of a passing car. The degree of care to be exercised must necessarily vary with the circumstances, and therefore no unbending rule can be laid down.

The excerpts, from the learned judge's charge, recited in the first and second specifications, are entirely free from error. The instructions to the jury, therein contained, were not only warranted by the testimony, but, in the circumstances, they were necessary and appropriate.

As qualified by the learned judge, plaintiff's point, recited in the third specification, was rightly affirmed. Plaintiff's point, recited in the fourth specification, was also rightly affirmed.

The verdict in favor of plaintiff is predicated of findings of facts which were clearly warranted by the testimony, and there is no reason why the judgment entered thereon should be disturbed.

Judgment affirmed.