Kestner v. Pittsburgh & Birmingham Traction Company, Appellant.

*Negligence—Street railways—Common user of streets.*

So long as a common user of streets exists in the public, it is the duty of street railway companies to exercise such watchful care as will prevent accidents or injuries to persons who, without negligence on their own part, may not at the moment be able to get out of the way of a passing car. The degree of care to be exercised must necessarily vary with the circumstances of each case.

In an action to recover damages for personal injuries, evidence for plaintiff tended to show that he hitched his horse and wagon near the curbstone of a street at a point where there was not room enough for the car to pass without hitting the wagon, and that a motorman, disregarding his signal to stop the car until he could unhitch his horse, drove the car into the wagon, and caused the injuries complained of. The evidence for defendant tended to show that there was sufficient room for the car to pass, but that the horse became frightened as the car was passing, and turned the wagon, so that it was struck by the car. *Held*, that the case was for the jury.

Argued Oct. 25, 1893. Appeal, No. 108, Oct. T., 1893, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1891, No. 477, on verdict for plaintiff, Edmund Kestner. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and THOMPSON, JJ.

Trespass for personal injuries. Before COLLIER, J.

At the trial it appeared that, on Oct. 26, 1891, plaintiff, who was a driver of a meat wagon for Armour & Co., stopped his wagon in front of a shop on the south side of Carson street, two doors from the corner of Twenty-eighth street. Along Carson street at this point defendant maintained and operated a double line of electric railway. On Twenty-eighth street was a steam railroad. Plaintiff claimed that at the point where he hitched his horse a car on the south track of the street railway could not pass his wagon without hitting it. Plaintiff described the accident as follows: "And I drove up there with the meat, delivered it and had the end gate closed and everything ready just for to take and unhook the snapper at the horse's bridle, with an iron weight on it, and just at that the car which was on one side of the railroad track, and I was on the other

side—and just as I was going to unhook the snapper I motioned to it to wait until I got the snapper out, and the conductor, he motioned for him to go ahead, to the motorman; and just at that time she hit the hind wheel of the wagon, and the horse tramped on my left foot and twisted me and throwed me down in the gutter, and the horse walked over me, but the snapper went back into the bridle again. I hadn't quite got it loose yet; it went back in the bridle and the horse walked over me, and it catched on a stopcock on the pavement, and that pulled the horse gee, and just as it pulled him gee, the wheel catched me right here across the back."

The evidence for defendant tended to show that when the car started over the railroad crossing, in the judgment of both motorman and conductor, there was room for the car to pass the wagon, and that they had almost every day passed safely larger wagons than plaintiff's at this point, but the horse becoming frightened, either at the approaching car, or the noise from an engine coming up with a heavy train on the railroad, or both, reared and turned the hind wheel of the wagon out on the track, when it was too late to stop the car.

Defendant's points were as follows :

1. " There is not sufficient evidence of negligence on the part of defendant company or its employees to justify a verdict for plaintiff." Refused. [1]

2. Request for binding instruction. Refused. [2]

Verdict and judgment for plaintiff for $656. Defendant appealed.

*Errors assigned* were (1, 2) instructions, quoting them.

*William D. Evans,* *Geo. C. Wilson* with him, for appellant, cited : McCully v. Clarke, 40 Pa. 399 ; R. R. v. Ritchie, 102 Pa. 425 ; Napheys v. R. R., 90 Pa. 135 ; P. & R. R. v. Weber, 76 Pa. 157 ; D., L. & W. R. R. v. Napheys, 90 Pa. 142 ; Patton v. Phila. Traction Co., 132 Pa. 76 ; Thomas v. Pass. Ry., 132 Pa. 504 ; Carson v. Federal St. & P. V. Ry., 147 Pa. 219 ; Ehrisman v. Ry., 150 Pa. 180 ; Wheelahan v. Phila. Traction Co., 150 Pa. 187 ; Winter v. Federal St. P. V. Ry., 153 Pa. 26 ; Gilmore v. Federal St. & P. V. Ry., 153 Pa. 31.

*Levi Bird Duff*, for appellee, filed no paper-book.

PER CURIAM, November 13, 1893:

So long as a common user of streets exists in the public, it is the duty of street railway companies to exercise such watchful care as will prevent accidents or injuries to persons who, without negligence on their own part, may not at the moment be able to get out of the way of a passing car. The degree of care to be .exercised must necessarily vary with the circumstances of each case: Gilmore v. Passenger Railway, 153 Pa. 31. There was evidence of want of proper care in this case, which required submission to the jury; and this was done with proper instructions. The questions of fact, upon which plaintiff's right to recover depended, having been thus properly submitted to the jury, and by them determined in his favor, there is nothing in the record that would justify us in disturbing the judgment entered on their verdict.

Judgment affirmed.