# Edward Davidson *v.* The Schuylkill Traction Company, Appellant.

*Negligence—Street railways—Question for jury.*

Negligence is always a question for the jury whenever there is a conflict of testimony, or for any cause there is a reasonable doubt as to the facts or as to the inferences to be drawn from them.

If the motorman of a railway company saw, or, in the exercise of due care, ought to have seen, the plaintiff on the track and making ineffectual efforts to get off, and by slowing up his car could have avoided the collision, and failed to stop or slow up his car; or if, having regard to the narrowness of the traveled portion of the highway, the amount of travel thereon, the construction of the track, and the form of the rail, the difficulty of getting off the track, the grade, and all the other circumstances, the car was being run at dangerous speed, and in consequence the motorman was unable to check it sufficiently to prevent collision with one who, without negligence, happened to be on the track, and if a collision could have been prevented if the car had been running at proper speed, then the question, whether the motorman exercised care according to the circumstances, was for the jury; it certainly was not for the court to declare that he did exercise such care.

*Contributory negligence—Degree of care—Question for jury.*

In matters where the question of contributory negligence is involved the measure of duty is ordinary and reasonable care, and, when the degree of care varies according to the circumstances, the question of negligence is always for the jury.

*Practice, Superior Court—Defective assignment.*

An assignment of error is defective, and offends against Rule XV., which assigns error as follows: "The Court erred in not affirming the defendant's second, third, fourth, fifth, seventh and tenth points, which points and answers are as follows:" the points and answers thereto being recited under this one assignment.

*Municipal ordinance—Violation of, does not import negligence per se.*

A municipal ordinance creates no new civil liability enforceable at common law in favor of one injured by another acting in disobedience of it;

hence it cannot be laid down as a rule of law, that when a street car being propelled at higher speed than a reasonable municipal ordinance permits, collides with another vehicle, the company is liable if the owner of the vehicle was not guilty of contributory negligence.

Proof of the violation of the ordinance only goes to one of the elements of actionable negligence, and there still remains the question whether it was the cause of the injury.

Argued Dec. 9, 1896. Appeal, No. 99, Nov. T., 1896, by defendant, from judgment of C. P. Schuylkill Co., Nov. T., 1893, No. 131, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Trespass for personal injuries arising from a collision. Before SAVIDGE, P. J., specially presiding.

There was evidence tending to show that the plaintiff, while driving a horse and wagon upon the public highway in the borough of Gilberton, was struck by a car on the tracks of the defendant company from which injuries resulted to himself and wagon; that plaintiff while driving along with his goods noticed that a vinegar jar had fallen over; that he naturally leaned forward to reach it and while doing so held the lines with his left hand and righted the jar with his right hand; his horse swerved from the driveway and he found himself on the track with the wheels between the rails; that he had noticed just a short time before this that this car was some three or four hundred yards below, as he thought, standing upon the siding, and that he had no reason to apprehend that it was close upon him; that at the time he got upon the tracks it was not very close to him, that when he noticed it and attempted to get back upon the driveway his wheels were caught by reason of the depression between the rails and he did not succeed in getting the left hind wheel of his wagon out, and that whilst making the attempt to do so the car suddenly came along at a high rate of speed and without warning struck the wagon, producing the injuries complained of.

. The defendant's evidence tended to show that the plaintiff drove upon the track immediately in front of the car so that the motorman had no opportunity to stop it.

Other facts appear in the opinion of the Superior Court.

The court left the question of negligence and contributory

negligence to the jury and instructed the jury, inter alia, that if the car was being run at a greater rate of speed than allowed by the ordinance of the said borough it was prima facie evidence of negligence on the part of the defendant and the verdict should be for the plaintiff.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1) in answering plaintiff's first point, which point and answer are as follows:

1. That if the jury find that the car which struck the plaintiff's wagon was being run at a greater rate of speed than allowed by the ordinance of the said borough, it is prima facie evidence of negligence on the part of the defendant and the verdict should be for the plaintiff. *Answer:* This is so, gentlemen, provided you find the restriction imposed upon the rate of speed was a reasonable one. With this qualification the point is affirmed.

(2) In not affirming the defendant's second, third, fourth, fifth, seventh and tenth points, which points and answers are as follows: The plaintiff having testified that on occasions before the accident he had noted and regarded the point of accident as a dangerous place and on the day of accident he, driving his horse along said place of danger, permitted the horse to wander out of the road and into a place of danger he was guilty of contributory negligence and the verdict must be for the defendant. *Answer:* Refused. The court cannot under the testimony declare the plaintiff negligent. It is for the jury to say under the circumstances whether he acted as a prudent and careful man. If you find he did not, but was negligent even in the least degree he cannot recover.

3. The plaintiff having testified that he knew the turnout four or five hundred yards west of the place of accident was a passing point for the cars, and it being proven the cars did pass on said turnout that morning, and also passed the plaintiff, he must have known that a car would soon come down toward him; he being on a public road only eight or ten feet wide it was his duty under the circumstances to be on the lookout for said car and have his horse under his control, and his failure to exercise great care was contributory negligence and he cannot recover.

*Answer :* Refused. I cannot say to you the plaintiff failed to use the care required of him. That is for you to determine. If there was any carelessness on his part he cannot recover.

4. No circumstance having been proven in this case excusing the negligence of the plaintiff of his failure to properly drive his horse and keep him on the driveway, his act in getting on the track was not merely evidence of negligence but was negligence per se. *Answer :* Refused.

5. It is the duty of a driver on a public highway to have his horse well in hand and under control if possible, and his failure to do so is negligence. *Answer :* It is the duty of a driver on a public highway to have his horse well in hand and under control if reasonably possible, and his failure to do so is negligence. With this qualification the point is affirmed.

7. It being proven that the railway track occupied one side of the street and the driveway the other side, and that the track was constructed of rails of the T pattern therefore could not be used for a driveway, and the plaintiff being upon said railway without giving a satisfactory reason for being there he was guilty of contributory negligence and the verdict must be for the defendant. *Answer:* Refused. I cannot say to you the plaintiff failed to give a satisfactory reason for being on the track. That is for you to determine.

10. Under law and the evidence the verdict must be for the defendant. *Answer :* Refused.

*MacHenry Wilhelm*, for appellant.

*Charles E. Breckons*, with him *James B. Reilly*, for appellee.

OPINION BY RICE, P. J., March 17, 1897 :

Negligence is always a question for the jury whenever there is a conflict of testimony, or for any cause there is a reasonable doubt as to the facts or as to the inferences to be drawn from them. If the motorman of the defendant company saw, or, in the exercise of due care, ought to have seen the plaintiff on the track and making ineffectual efforts to get off, and by slowing up his car could have avoided the collision, and failed to stop or slow up his car; or if, having regard to the narrowness of the traveled portion of the highway, the amount of travel

thereon, the construction of the track, and the form of the rail, the difficulty of getting off the track, the grade, and all the other circumstances, the car was being run at dangerous speed and in consequence the motorman was unable to check it sufficiently to prevent collision with one, who, without negligence, happened to be on the track, and if a collision could have been prevented if the car had been running at proper speed, then the question, whether the motorman exercised care according to the circumstances, was for the jury; it certainly was not for the court to declare that he did exercise such care. This is not a merely supposititious case, but the question as above stated is fairly raised by testimony in the case.

As was said in Gilmore v. Railway Co., 153 Pa. 31, "Street railway companies have not an exclusive right to the highways upon which they are permitted to run their cars, or even to the use of their own tracks. The public have a right to use these tracks in common with the railway companies, and therefore, while the rights of the latter are in some respects superior to those of the former, as was said in Ehrisman v. East Harrisburg City Passenger Railway Co., 150 Pa. 180, it is not negligence per se for a citizen to be anywhere upon such tracks. So long as the right of a common user of the tracks exists in the public, it is the duty of passenger railway companies to exercise such watchful care as will prevent accidents or injuries to persons, who, without negligence upon their own part, may not at the moment be able to get out of the way of a passing car. The degree of care must necessarily vary with the circumstances, and therefore no unbending rule can be laid down." This statement of the law has been recognized and applied in many cases, amongst which may be mentioned Gibbons v. Railway Co., 155 Pa. 279; Kestner v. Traction Co., 158 Pa. 422; Lott v. Railroad, 159 Pa. 471; Thatcher v. Traction Co., 166 Pa. 66, and our own case of Smith v. Phila. Traction Co., 3 Pa. Superior Ct. 129. It is applicable here; and, as was said in Thatcher v. Traction Co., supra: "It is not our duty now, nor was it that of the court below, to pass on the credibility of plaintiff's witnesses as to the rate of speed, and the absence of effort to stop the car when the danger was manifest. That was for the jury." It would have been error to instruct the jury that there was no evidence of negligence on the part of the defendant.

Upon the question of the plaintiff's contributory negligence it will be necessary to refer briefly to some of the more important points in his testimony. He claims that while driving along the highway he noticed that a vinegar jug in the bottom of the wagon near his feet had fallen over; that he stooped to reach it, and that whilst doing so, holding the reins in his left hand and righting the vinegar jug with his right hand, his horse swerved from the driveway and he suddenly found himself on the track, with the wheels between the rails ; that he immediately looked back and saw the car approaching at a high speed —his witness says at the rate of ten miles an hour;—that he then made an attempt to get back on the driveway; and that, although he was successful in getting the front wheel out over the rail and upon the plank running alongside, yet by reason of the fact that the rails were T rails and that the space between them was not filled, he did not get the left wheel out ; that whilst making this attempt, urging his horse and doing all he could to escape from the danger he was in, the car collided with his wagon. He alleges that no warning of the approach of the car was given, and that the motorman made no proper effort to stop the car or to check its speed. The defendant's witnesses give a somewhat different version of the affair, but it is not necessary to go into that, for it is not our province to find the facts, but only to examine and ascertain whether there is competent evidence from which a jury might find the facts necessary to sustain their verdict. Assuming the facts to be as above stated, it would have been usurpation of the functions of the jury for the court to declare that the only legitimate inference was that the plaintiff was negligent. It is to be remembered that the railway track was upon the highway; therefore, the plaintiff was not a trespasser. The traveled road was less than ten feet wide and was brought on a level with the top of the rails by planks laid alongside. A horse swerving but little to one side might easily bring the two wheels of the vehicle inside the rail. The very danger of this made it the duty of the plaintiff to be watchful to keep his horse off the track if he had reason to apprehend that a car was approaching and was near at hand. But whether he had reason to apprehend that a car was approaching, and was so near, or was coming at such speed, as to make it unsafe to release his attention from his horse in the attempt

to save some article in his wagon from injury were questions of fact and not of law, and were submitted to the jury in a very clear and impartial manner. It was for the jury to say not only whether the facts were as alleged by the plaintiff and his witness, but also whether or not he failed to exercise the care that would be expected of an ordinarily prudent man under those circumstances. If the plaintiff drove upon the track when the car was as near as some of the defendant's witnesses testify, it would be difficult to explain his act upon any theory but that of negligence. But the facts are not undisputed. True, the plaintiff says that when he found that the wheels of his wagon were over the rail he looked back and that at that time the car was distant twenty-five yards or thereabouts. But his witness testifies that when he drove on the track the car was in the neighborhood of seventy-five yards away. It is to be remembered further, that the plaintiff did not intentionally drive upon the track, and that if the car was twenty-five yards away when he found himself upon the track and looked back, it must have been very much farther away when he stooped over to look after his goods, if as the plaintiff's witness says, it was going at the rate of ten miles an hour. Furthermore, he testifies that when he came to the narrow place, which was but a very short time before the accident, he looked back, and, although he could see a distance of at least a quarter of a mile, he could see no car.

But it may be said that the plaintiff cannot allege that he was accidentally upon the track, because his being there was attributable to his neglect of duty as a driver in stooping over to set right the vinegar bottle in the bottom of his wagon and remaining in that position long enough to permit his horse to get upon the track. The fact is undisputed, but whether it was a negligent act or not depended upon the circumstances, some of which are in dispute. It was not negligence per se like the failure to stop, look and listen before crossing a railroad track. The case, therefore, is a proper one for the application of the well-settled principle that when the measure of duty is ordinary and reasonable care, and when the degree of care varies according to the circumstances, the question of negligence is always for the jury: D., L. & W. R. R. Co. v. Jones, 128 Pa. 308; Gates v. Penna. R. R. Co., 154 Pa. 566. Without discussing the defendant's second, third, fourth, and seventh

points further, we conclude, for the reasons above suggested, that, as they requested the court to take the case from the jury upon the ground of the plaintiff's contributory negligence, they were properly refused. The qualification of the defendant's fifth point, taken in connection with and explained by, the general charge was entirely proper. Before leaving this branch of the case, we remark that the assignment of error in which the answers to the several points were included violates Rule XV. and might have been disregarded. We have, however, considered it upon its merits, and conclude that it cannot be sustained.

The affirmance of the plaintiff's first point as qualified in the answer was an instruction that if the car which struck the plaintiff's wagon was being run at greater speed than allowed by the ordinance of the borough, and if the restriction imposed by the ordinance upon the rate of speed was a reasonable one, it was prima facie evidence of negligence on the part of the defendant, and the plaintiff was entitled to recover. This was manifestly erroneous and inconsistent with other portions of the charge and the answers to other points, because it took from the consideration of the jury the question of the plaintiff's contributory negligence, if they found the defendant negligent in the particular specified. Was it harmless error? We are not sure that it was. The jury may have got the impression that while, generally, the plaintiff's contributory negligence would prevent recovery, yet if the ordinance was reasonable and was violated by the defendant, then in that particular instance the plaintiff would be entitled to recover without regard to his own negligence. We are sure that the learned judge did not intend to convey that impression, but we are not sure that the jury did not receive and act upon it. Obscure and equivocal expressions, which, severed from the context, would be erroneous, have often been held to be harmless when construed in the light of other instructions and the charge taken as a whole: Knights of Pythias v. Leadbeter, 2 Pa. Superior Ct. 461. An obscure answer to a point may be aided in this manner, but not one that is palpably wrong: Murray v. Com. 79 Pa. 311; Rice v. Olin, 79 Pa. 391. In Steinbrunner v. Railway Co., 146 Pa. 504, Chief Justice PAXSON said of a portion of the charge assigned for error: " It may be the learned judge used this language inadvertently.

This is probable from the fact that it is inconsistent with the portion of his charge which immediately preceded it. But as it stands, it appears to be an erroneous statement of the evidence upon a pivotal fact in the case. We cannot say what influence it had with the jury." The assignment was sustained. In Gearing v. Lacher, 146 Pa. 397, Mr. Justice MITCHELL, after quoting the instruction complained of, said: "This was so plainly erroneous, and so contradictory to what the judge had told the jury just before, that we are constrained to believe that there is some omission in the report which alters the whole meaning and application of the passage. . . . It is probable that the learned judge was referring to the conflict of evidence in regard to the two recognizances, and that some error or omission in the report has confused the sense of his language, but as we find it on the record it was patent error, and the assignment in regard to it must be sustained."

There is another view of this question, which, as the case must go back for a retrial, is worthy of consideration. Edward Foley, the motorman, testifies that the plaintiff was but sixteen or twenty feet ahead of the car when he turned in on the track. Assuming for a moment that the plaintiff got upon the track by what may be regarded as a pure accident; that the ordinance restricting the speed of cars was a reasonable regulation; and that, at the time of the collision, the defendant's car was moving at a greater speed, does it follow as a necessary legal conclusion that the speed of the car was the cause of the injury? We think not. As GIBSON, C. J., has said, "the defendant was answerable for the consequences of negligence, not for its abstract existence:" Hart v. Allen, 2 W. 114. Its negligence in moving its car at too great speed was immaterial if it did not cause or contribute to the loss. Whether it did so or not was a question of fact. We do not question the admission of the ordinance in evidence. It is not denied that the jury had a right to take into consideration the fact that the car was moving at greater speed than the ordinance permitted: Pennsylvania Co. v. James, 81* Pa. 194; Lederman v. R. R. Co., 165 Pa. 118. But a municipal ordinance creates no new civil liability enforceable at common law in favor of one injured by another acting in disobedience of it: P. & R. R. Co. v. Ervin, 89 Pa. 71; P. & R. R. Co. v. Boyer, 97 Pa. 91. Hence it cannot be laid

down as a rule of law, that when a street railway car, being propelled at higher speed than a reasonable municipal ordinance permits, collides with another vehicle, the company is liable if the owner of the vehicle was not guilty of contributory negligence. Proof of the violation of the ordinance only goes to one of the elements of actionable negligence, and there still remains the question whether it was the cause of the injury. It was necessary for the plaintiff to establish by evidence circumstances from which it might fairly be inferred that there was reasonable probability that the accident resulted from the want of some precaution which the defendant might and ought to have resorted to: Daniel v. Metropolitan R. R. Co., L. R. 3 C. P. 216–222; L. R. 5 H. L. 45; Hayes v. Mich. Cent. R. R. Co., 111 U. S. 228. Whether or not the accident resulted from such a cause was, under the testimony in the present case, a question of fact for the jury. Upon both grounds, therefore, the plaintiff's first point should have been answered in the negative.

The judgment is reversed and a venire facias de novo is awarded.