AMELIA HEIDEMANN v. ST. PAUL CITY RAILWAY COMPANY.[1]

July 3, 1908.

Nos. 15,618—(157).

**Negligence—Evidence.**

> In an action to recover for personal injuries, the evidence is examined, and *held* sufficient to take the case to the jury upon the question of plaintiff's contributory negligence and the negligence of defendant, and that the verdict of the jury is not excessive.

Action in the district court for Ramsey county to recover $10,000 damages for personal injuries. The case was tried before Kelly, J., and a jury which rendered a verdict in favor of plaintiff for $2,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*N. M. Thygeson* and *W. H. Bennett,* for appellant.

*McElwee & Hollihan,* for respondent.

BROWN, J.

The facts in this case, briefly stated, are as follows: Plaintiff was riding in a buggy driven by a person named Coveny along Jackson street in the city of St. Paul, upon which defendant operates its street cars. At a point near the approach of what is termed in the record the "Jackson Street Bridge," a structure extending over certain railroad tracks, the street gradually narrows as the bridge is approached, so that for a short distance the space between the curbing and the street railway tracks is so narrow as to make it impracticable, if not impossible, for a wagon or buggy and a street car to pass safely at the same time. While plaintiff's vehicle was proceeding along the street at this particular narrow part, a car operated by defendant came from the rear at a rapid rate of speed, striking and demolishing the buggy, throwing plaintiff to the ground, and seriously injuring her person. She brought this action to recover damages therefor, alleging that her injuries were caused by the negligence of defendant. The facts are

[1] Reported in 117 N. W. 226.

stated in greater detail in the briefs of counsel, but the foregoing statement is sufficient for an understanding of the case.

The only questions presented by the assignments of error go to the sufficiency of the evidence to sustain the verdict and the question whether the damages are excessive. The trial court submitted the question of the negligence of Coveny, the person driving the horse, to the jury, but charged them that on the undisputed facts of the case his negligence was imputable to plaintiff, and, if they found that a failure on his part to exercise ordinary care contributed to cause the injury, plaintiff could not recover. No complaint is made of this instruction, save that defendant contends that the evidence conclusively established the driver's contributory negligence. It is also urged that the evidence wholly failed to show negligence on the part of the motorman in charge of the car.

We concur in the view of the trial court that both these questions were, on the evidence, for the jury to determine. The buggy in which plaintiff was riding preceded the car, and was in the plain view of the motorman as he approached. The situation of the buggy with reference to the narrow part of the street was also obvious; but nevertheless, the evidence tends to show, the motorman violently propelled his car upon and against it, when he could by a very short delay have prevented the collision. The car was brought to a stop a short distance from the place of the accident to take on or let off passengers, from which point, the evidence shows, the motorman increased its speed until it reached and collided with the buggy plainly in his view. While it is true that the driver of the buggy was familiar with the situation, he was nevertheless rightfully on the street, and on the proper side thereof, the right-hand side; and though it is ordinarily the traveler's duty to turn aside, so that an approaching car may pass, the evidence is not conclusive that he could have avoided the accident by doing so. The questions were for the jury. O'Leary v. Brockton, 177 Mass. 187, 58 N. E. 585; Gibbons v. Wilkes-Barre, 155 Pa. St. 279, 26 Atl. 417; Hicks v. Citizens, 124 Mo. 115, 27 S. W. 542, 25 L. R. A. 508.

The trial court approved the amount of the verdict, $2,500, and we discover no reason from the record for disapproving its conclusion that the damages are not excessive.

Order affirmed.