## Rively, Appellant, v. Media, Middletown, Aston & Chester Electric Railway Company. Taylor, Appellant, v. Media, Middletown, Aston & Chester Electric Railway Company.

*Appeals—Time—Judgment—Verdict.*

1. Where an appeal is taken seven days after the entry of a judgment on a verdict, the fact that more than five years had elapsed between the date of the verdict and the date of the appeal does not invalidate the appeal. It is from a judgment and not from a verdict that an appeal lies.

*Negligence—Street railways—Wagon and electric car—Head-on collision—Contributory negligence—Case for jury.*

2. In an action against a street railway company to recover damages for personal injuries suffered in a head-on collision between a wagon which the plaintiff was driving and an electric car, the contributory negligence of the plaintiff is for the jury, where the evidence tends to

show that on the day of the accident the driveway alongside of the railway track was covered with ice so that it was almost impossible to drive over it with a smooth shod horse which the plaintiff was driving; that plaintiff turned onto the tracks over rails which were flat, and after traveling upon the track for about 500 feet, a car came towards him at a high rate of speed ringing no gong and giving no signal; that the day was very foggy so that the car could only be seen for a short distance, and that the motorman's view of the track was interfered with because the window in front of him was closed and there was sweat upon it.

Argued Feb. 8, 1910. Appeals, Nos. 346 and 347, Jan. T., 1909, by plaintiffs, from judgments of C. P. Delaware Co., Dec. T., 1903, Nos. 223 and 224, on verdicts for defendant in cases of Fred Rively and Albert K. Taylor v. Media, Middletown, Aston & Chester Electric Railway Company. Before Fell, C. J., Brown, Potter, Elkin and Moschzisker, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Savidge, P. J., specially presiding.

The circumstances of the accident are stated in the opinion of the Supreme Court.

It also appeared that the plaintiff, Rively, was in the wagon as a guest by the invitation of the plaintiff, Taylor.

Verdicts and judgments for defendant. Plaintiffs appealed.

*Errors assigned* in both cases were in directing verdicts for defendant.

*William C. Alexander,* for appellants.—The plaintiffs had a right to be on the track of the defendant company: Gilmore v. Ry. Co., 153 Pa. 31; Woelfel v. Ry. Co., 183 Pa. 213; Davis v. Ry. Co., 25 Pa. Superior Ct. 444; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Waechter v. Traction Co., 198 Pa. 129; Conner v. Pittsburg Ry. Co., 40 Pa. Superior Ct. 63.

The gripman of a cable car should always be on the alert to avoid danger, and his attention should never be diverted from his duties: Schnur v. Citizens' Traction Co., 153 Pa. 29.

The plaintiff, Rively, under any view of the case, is entitled to have his case submitted to the jury, for it is now settled beyond controversy in Pennsylvania that the passenger in the wagon is entitled to the benefit of any care exercised by the driver, but that the negligence of a voluntary driver without compensation cannot be imputed to the passenger, so as to defeat his recovery, where there is negligence on the part of the defendant: O'Toole v. R. R. Co., 158 Pa. 99; Coleman v. Ry. Co., 195 Pa. 485; Jones v. R. R. Co., 202 Pa. 81; McCarthy v. Ry. Co., 211 Pa. 193; Carlisle v. Brisbane, 113 Pa. 544; Faust v. Ry. Co., 191 Pa. 420; Carr v. Easton, 142 Pa. 139.

*David Wallerstein*, with him *E. A. Howell*, for appellee.— The appeals should be quashed: Black v. Pollock, 2 P. & W. 489; Keenan v. Quigg, 6 Pa. Superior Ct. 58; Littster v. Littster, 151 Pa. 474.

The driver of a wagon must yield the track promptly on sight or notice of the approaching car: Thatcher v. Traction Co., 166 Pa. 66.

One who knows, or by ordinary care may know of a defect in a highway and voluntarily undertakes to test it when it could be avoided, cannot recover for loss incurred through such defect: Crescent Township v. Anderson, 114 Pa. 643; Winner v. Oakland Township, 158 Pa. 405; Dryden v. R. R. Co., 211 Pa. 620; Kunkle v. Lancaster County, 219 Pa. 52.

None of the cases cited by the appellant, Rively, are similar to the case at bar, and are therefore not authority. The case comes within that other well-established line of cases, beginning at least as far back as Township v. Anderson, 114 Pa. 643, and Dean v. R. R. Co., 129 Pa. 514, down to and including Kunkle v. Lancaster County, 219 Pa. 52, and Thompson v. R. R. Co., 215 Pa. 113; Dryden v. R. R. Co., 211 Pa. 620.

OPINION BY MR. JUSTICE BROWN, April 18, 1910:

These two cases were tried together and verdicts for the defendant were rendered on October 26, 1904. A motion for a new trial was made in each case on the following day and was

denied on October 2, 1905. Nothing further was done until October 20, 1909, when the plaintiff in each case paid the jury fee, and on November 4, 1909, judgments were entered on the verdicts, from which these appeals were taken on the eleventh of the same month. The motion to quash them, on the ground that they were taken too late, must be denied. While it is true that more than five years elapsed between the date of the verdicts and that of the appeals, they were taken within seven days of the entry of the judgments; and it is from a judgment, and not from a verdict, that an appeal lies: Act of May 19, 1897, P. L. 67. At any time after the verdicts were rendered in its favor the defendant below could have entered judgments on them by paying the jury fee, and the time for taking the appeals would have at once commenced to run. If it saw fit not to enter the judgments to which it was entitled, it cannot complain of the failure of the plaintiffs to have judgments entered on the verdicts until they were ready to take their appeals, for the judgments were of no use at all to them except to entitle them to appeals for the purpose of bringing to the attention of this court errors alleged to have been committed on the trial.

Verdicts were directed for the defendant on the ground of the contributory negligence of the plaintiffs. A mere recital of the facts as established by the evidence submitted by them is sufficient to show that the question of their contributory negligence should have gone to the jury. One of them—Albert K. Taylor—was the owner of the team in which he and the other plaintiff were riding. When they reached a certain point in the public road they found the driveway covered with ice, and, the horse being smoothly shod, it was almost impossible to drive over it. The defendant company operated a single-track electric street railway along the south side of this public road. The driveway was north of the trolley track. After a car going in the same direction had passed the appellants they drove over onto the track to avoid the icy driveway. The tracks were of flat rails and were constructed with a view to their use by teams as well as by trolley cars. After traveling upon the track for the distance of about 500 feet, and be-

fore they had got beyond the icy part of the road, another car of the defendant company came towards them at a high rate of speed, ringing no gong and giving no signal. The motorman's view of the track was interfered with, for the window in front of him was closed and there was sweat upon it. The day was a very foggy one and the approaching car could not be seen for more than seventy or eighty feet, according to the testimony of the plaintiffs, and for a much less distance according to that of defendant's witnesses. When the appellants saw the car approaching them they first made an effort to get onto the road by turning to the right, but were unable to do so on account of a ridge of ice on that side, and they then made an effort to turn to the left, when the team was struck and the injuries were sustained for which these actions were brought.

The plaintiffs had a right to use the track of the defendant company, subordinate, however, to its superior right to use it. The contributory negligence of which the court below pronounced them guilty was their leaving the driveway, when there was nothing to prevent them from traveling on it, and going on the tracks under the foggy condition of the morning, which prevented their seeing the approach of a car for more than seventy or eighty feet. A jury could have fairly found that the icy condition of the driveway prevented the plaintiffs from traveling over it, but, even without any reason for leaving it, they were not trespassers in traveling upon the track. It was not negligence per se for them to be there: Thatcher v. Central Traction Co., 166 Pa. 66. If it had been a clear, bright day, it would not be pretended that the appellants would have been guilty of contributory negligence in going upon the track, and on this foggy day, though they could not see, they had a right to expect that some signal would be given them of an approaching car to enable them to get out of its way. It may or may not have been a prudent thing for them to leave the driveway and travel on the track, but as to this minds can fairly differ. It was absolutely impossible, or almost so, to proceed over the icy road, for the condition of which the appellee was responsible, and what more natural,

when they found they could not proceed over the ice, than to turn to the track of the defendant company, constructed for the use of teams. The negligence of the appellee and the contributory negligence of the appellants were clearly for the jury, and the judgment is reversed with a venire facias de novo in each case.