# John P. Cannon *v.* The Pittsburg and Birmingham Traction Company, Appellant.

*Negligence—Street railways—Contributory negligence—Position of danger.*

In an action against a street railway company for injuries caused by its negligence, it appeared that the plaintiff was driving along one of the tracks of the street railway at night; that he turned out to let a car behind him pass, and while he was driving up a hill on the other track, with the car beside him, a car suddenly appeared over the crest of the hill and came upon him at a high rate of speed, causing the injury of which he complains. He could not turn out to the left, because there was but four feet of space between the track and the curve, and he could not turn to the right, because of the car at his side. *Held,* (1) that a prima facie cause of negligence on the part of the defendant was established; (2) that, being familiar with the locality, plaintiff had reason to believe that he might meet a car, but not that he would meet one on the narrow crest of the hill, going with such speed that a collision could not be avoided; (3) that the question of defendant's negligence and plaintiff's contributory negligence was for the jury.

Where a person without fault on his part finds himself in a position of danger he cannot, in his effort to extricate himself, be held to the use of the best judgment.

Argued Oct. 31, 1899. Appeal, No. 151, Oct. T., 1899, by defendant, from judgment of C. P. No. 2, Allegheny County, April T., 1898, No. 83, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Trespass for personal injuries. Before WHITE, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto among others were as follows:

1. It was the duty of the plaintiff, under all the circumstances in this case, when he drove off the inbound track on to the outbound track to let the inbound car pass him, to stop his team and wait until the inbound car had passed him, and then recross to the inbound track. *Answer:* Refused. [1]

2. The plaintiff was guilty of contributory negligence and therefore cannot recover. *Answer:* Refused. [2]

3. The defendant was not guilty of any negligence, and therefore plaintiff cannot recover. *Answer:* Refused. [3]

4. Under all the evidence the verdict must be for the defendant. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*A. W. Duff*, with him *H. E. Carmack* and *John S. Robb*, for appellant, cited Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 442.

*Frank I. Gosser*, with him *C. L. Stevenson*, for appellee.

OPINION BY MR. JUSTICE FELL, December 30, 1899:

The plaintiff was driving at night on a street which was but twenty feet wide between the curbs, and on which were two tracks of an electric railway company. He was on the right-hand track going towards Pittsburg, and received notice of a car approaching behind him on that track. In order to allow it to pass he turned into the left-hand track, intending to return to the other track when the car had passed. That car overtook him at the foot of a steep hill about 200 feet in length, and stopped for a moment to take on passengers. He proceeded up the hill, and when the car was beside his wagon another car came suddenly into view from the other side of the hill and in front of him on the track on which he was driving, and ran into his team, causing the injury of which he complains. When the motorman reached the top of the hill he saw the plaintiff's team and tried to stop the car. The plaintiff was in a position of danger from which escape was impossible. He could not turn to the right because of the car at his side, nor to the left because there was but four feet of space between the track and the curb.

At the trial the main subjects of dispute were the speed at which the car was running and the distance from the crest of the hill to the place where the accident occurred. The importance of the latter was in showing the distance which the motorman had in which to stop his car after he saw the wagon. The plaintiff's witnesses fixed the distance at 140 feet, and

those of the defendant at 60 feet. There was the usual conflict as to the speed of the car. The testimony on these subjects was clearly sufficient to make out a prima facie case of negligence.

The only ground on which the plaintiff could be adjudged guilty of contributory negligence is that, when he turned out to let the first car pass, he did not stop and wait until it had passed, and then return to the track which he had left, instead of approaching the crest of the hill on the track on which there was danger of meeting a car. Because of the narrowness and grade of the street the situation was one calling for extreme caution, but the court could not have said that in going on the plaintiff was negligent. Being familiar with the locality, he had reason to suppose that he might meet a car on the track on which he was driving before he had an opportunity to turn out, but not that he would meet a car running at such speed over the narrow crest of the hill that it could not be stopped in time to avoid a collision after the motorman saw him. He was justified in presuming that the car would be managed with the care and prudence which the situation demanded, and was not bound to guard in advance against the negligent act of another.

He was, moreover, by the necessity of turning out of the track suddenly placed, without fault on his part, in a position of danger, and in his effort to extricate himself he could not be held to the use of the best judgment: Penna. R. Co. v. Werner, 89 Pa. 59; Malone v. Pittsburg, etc., R. R. Co., 152 Pa. 390.

The judgment is affirmed.