# Flaherty *v.* Scranton Gas and Water Company, Appellant.

*Negligence—Evidence—Inhalation of gas—Opinion of physicians—Expert.*

In an action to recover damages for the death of a child two reputable physicians of long practice and high standing, each of whom saw, and carefully examined the child, one at the beginning, the other near the fatal termination of its sickness, and each of whom was apprised of the conditions under which the sickness began, gave it as their deliberate opinion and judgment that the child died from the effects of an inhalation of gas. *Held,* that such testimony could not be rejected nor ignored.

In an action against a gas company to recover damages for the death of an infant, it appeared that the employees of the defendant went into plaintiff's cellar to make some repairs in the gas service, and while so engaged permitted the escape of a volume of gas which found its way into an upper room, where the infant inhaled it. The testimony shows that the mother of the child knew that the men were at work in the cellar, and was herself almost overcome by the gas. In attempting to save herself from being entirely overcome she did not close the doors. *Held,* that the question of the defendant's negligence and the mother's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 11, 1906. Appeal, No. 25, Jan. T., 1906, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1903, No. 333, on verdict for plaintiff in case of P. F. Flaherty and Jennie Flaherty v. Scranton Gas and Water Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for death of an infant. Before NEWCOMB, J.

At the trial it appeared that the child's death was alleged to be due to the inhalation of illuminating gas. On February 4, 1903, workmen of the defendant went to the plaintiff's house to make some repair in the gas service, and while so engaged permitted the escape of a volume of gas. The gas found its way into an upper room where the infant inhaled it. It appeared that the mother of the child had knowledge of the presence of the men in the cellar, but that she herself was almost overcome by the gas, and in trying to save herself did not close the doors. It was alleged that if she had done so the child might have been saved.

1. There is not sufficient evidence that there was negligence on the part of the defendant, and the verdict must be for the defendant. *Answer :* Refused. [1]

2. Plaintiffs were negligent in not closing the doors between cellar and child's bedroom and thus protecting the child from any danger from escaping gas. *Answer :* Refused. [2]

3. There is no evidence that the work of taking the water from the pipes was not done in a proper and workmanlike manner. *Answer :* Refused. [3]

The court charged in part as follows :

[It is for you to determine whether the mother was guilty of what the law calls contributory negligence. The presumption of the law is that she exercised due care according to the circumstances, but that presumption may be overcome by the evidence.] [4]

Verdict and judgment for plaintiff for $564. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*I. H. Burns,* for appellant, cited : Philadelphia City Passenger Ry. Co. v. Henrice, 92 Pa. 431 ; McAleer v. McMurray, 58 Pa. 126 ; Oil Co. v. Torpedo Co., 190 Pa. 350 ; Railroad Co. v. Latshaw, 93 Pa. 449 ; Stearns v. Ontario Spinning Co., 184 Pa. 519 ; Pennsylvania R. R. Co. v. Fries, 87 Pa. 234 ; Johnson v. Reading City Passenger Ry. Co., 160 Pa. 647 ; Smith v. Ry., 92 Pa. 450 ; McCool v. Lucas Coal Co., 150 Pa. 638 ; Sopherstein v. Bertels, 178 Pa. 401 ; Baker v. Gas Co., 157 Pa. 593 ; Lewin v. Pauli, 19 Pa. Superior Ct. 447.

*Joseph O'Brien,* for appellees, cited : Alexander v. Nanticoke Light Co., 209 Pa. 571 ; Heh v. Gas Co., 201 Pa. 443 ; Devlin v. Beacon Light Co., 198 Pa. 583 ; Kebler v. Phila., 105 Pa. 45 ; Ottersbach v. Phila., 161 Pa. 111 ; Shafer v. Lacock, 168 Pa. 497 ; Plonk v. Jessop, 178 Pa. 71 ; Arnold v. Life Ins. Co., 22 Pa. Superior Ct. 575.

OPINION BY HEAD, J., March 12, 1906 :

If there was sufficient evidence to submit to a jury tending to prove that Cyril Flaherty, the infant son of the plaintiff's

came to his death as the result of an inhalation of illuminating gas, the first serious contention of the appellant is without merit.

Human life is so highly organized and the exact cause of death so often obscured by complicated and varying conditions that even the penetrating and trained eye of the intelligent physician cannot always locate such cause with that precise certainty so much to be desired. But in the judicial investigation of even such a tremendously important question the law demands not absolute certainty. It must act, if it act at all, on those reasonable inferences and probabilities which the intelligence and experience of specially fitted men enable them to draw from the external signs and symptoms of the hidden trouble within. In this case, two educated reputable physicians, each of long practice and high standing in the community, each of whom saw and carefully examined the child, one at the beginning, the other near the fatal termination of its sickness, and each of whom was apprised of the conditions under which the sickness began, take the witness stand and give it as their deliberate opinion and judgment that the child died from the effects of an inhalation of gas. Upon what principle, supported by either reason or authority, is such testimony in such a case to be rejected or ignored? It is true that neither of these physicians had ever before treated or especially observed a case of this exact character. But their entire education and training were for the very purpose of enabling them to deal with the new forms of disease or the ever changing conditions incident to familiar forms that constantly threaten humanity.

If no physician is competent to form a sound judgment except where present symptoms and conditions are precisely within the range of his own experience, it is hard to see how he could ever qualify himself to begin the practice of his high profession. We can discover no just reason for holding and no authority is cited that impels us to hold that any error was committed in submitting such testimony to the jury, and the first assignment of error is overruled.

Did the testimony of Mrs. Flaherty, one of the plaintiffs, disclose such a clear case of contributory negligence on her own part that the court should have, for this reason, withdrawn

the case from the jury and directed a verdict for the defendant? We think not.   Had she detected the presence of escaping gas in her house when there was no assignable cause for it and no reason to expect it, ordinary prudence and care might have required her to take some steps to locate the dangerous leak or protect herself and children from its harmful effects until it could be located and remedied by others.   She knew, however, that the employees of defendant were then in the cellar for the purpose of making some repairs in the gas service.   She had a right to assume they possessed the skill and would exercise the care necessary to control the gas with which they were dealing.   She was not reasonably obliged to anticipate that the gas, which was perhaps necessarily liberated in the performance of the work to be done, would be allowed to reach a volume dangerous to life or health.   When she realized, by being affected herself to the point of sickness, that the volume of gas had assumed dangerous proportions, she was in the situation of one suddenly placed, without fault on her part, in a position of danger and who could not, therefore, in her effort to extricate herself, be held to the use of the best judgment: Cannon v. Traction Co., 194 Pa. 159.

In seeking first to save herself from being entirely overcome by the gas rather than risking that result in an effort to stop or check the flow we cannot say, as matter of law, that the mother was guilty of contributory negligence.   On this subject we regard the charge of the court as a fair presentation of the law that ought to control the action of the jury.   Even if the single extract from the charge which constitutes the fourth assignment were the just subject of criticism, which we do not concede, the entire charge, taken as a whole, cannot be successfully assailed on the ground that it gave the jury any erroneous idea of the legal principles involved.

As to the proper method of doing the work undertaken by defendant the testimony is again conflicting and contradictory, but both sides agree that if carefully done, according to either of the methods respectively advocated by them, no escape of gas of any consequence would have resulted.   If, then, as the jury have found to be the fact, there was an escape of gas dangerous to life and health, such a result could only have happened by the carelessness of those engaged in doing the work.

With the conflict in the evidence or the ascertaining of the side to which the true weight of it inclined, we have nothing to do. But all these matters having been properly submitted to the jury we are unable to say that their verdict is without a substantial foundation in the testimony.

Judgment affirmed.