# Alemento v. The Bessemer and Lake Erie Railroad Company, Appellant.

*Negligence—Railroad companies—Infant trespassers on track—Rescue—Injury to rescuer—Case for jury.*

Where in an action against a railroad company to recover damages for personal injuries sustained in consequence of plaintiff's being struck by defendant's train it appeared that plaintiff's infant child was trespassing upon the track where she could have been seen from an approaching train for nine hundred feet, that defendant's train approached endangering the child's life and that while plaintiff was endeavoring to rescue the child, he was struck by the train and suffered the injuries complained of, the case was for the jury and a judgment on a verdict for plaintiff was sustained by an equally divided court.

Argued Oct. 2, 1916. Appeal, No. 50, Oct. T., 1916, by defendant, from judgment of C. P. Butler Co., Sept. T., 1914, No. 31, on verdict for plaintiff, in case of Giacomo Alemento v. The Bessemer and Lake Erie Railroad Company, a corporation. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries.

REIBER, P. J., filed the following opinion, sur defendant's motion for judgment n. o. v.:

This matter came on to be heard on motion on part of defendant for judgment non obstante veredicto, the motion for a new trial being withdrawn by counsel at hearing thereof. This case is an action of trespass to recover damages alleged to be sustained by plaintiff in the act of rescuing his little child on the tracks of the defendant company from an approaching train. The defendant, at the time of the accident, was running its regular passenger car between Branchton and Hilliard, in this county, and in place of the usual locomotive a motor car was utilized. The plaintiff, on the 27th day of April, 1914,

about four o'clock in the afternoon, whilst engaged in playing or watching a game of ball near the tracks of defendant company, saw his little girl, three years of age, proceeding or walking between the tracks of defendant company at a point about fifty yards distant from where he was standing and at the same time plaintiff saw the approaching train of defendant company.

He thereupon ran towards the track and succeeded in throwing or pushing the girl from the track, but in doing so he himself was struck by the motor car and injured. The little girl, three years of age, was a trespasser on the tracks of the defendant company. The testimony on part of the plaintiff was that at the time he first saw the girl on the track the approaching car was at a point known as the Allegheny Junction or switch, a distance of three hundred yards from the girl; that the track from the location of the girl to such switch was slightly curved, but one could plainly see from such switch any object on the track at the point where the girl stood or walked upon the track and that there was no obstruction of vision on said track the entire distance of nine hundred feet between said points. The plaintiff was corroborated by several witnesses. It is true the motorman of defendant company testified that the girl first proceeded on the track at a point about two hundred feet from the car. For the purpose of this motion, however, the evidence on part of plaintiff must be accepted. The plaintiff in this case, observing his child in a place of imminent peril and using ordinary care under the circumstances, had a right to go upon the tracks of the defendant company to the rescue of the child, and the case therefore involves the relation of the defendant company to the child upon its tracks which occasioned the accident to plaintiff.

We were of the opinion that it was our duty to submit the case to the jury on the question of fact as to the want of ordinary care on part of the motorman under all the facts and circumstances, being then of the opinion that the case as presented came within the law as declared in

Opinion of Court below—Opinion of the Court. [255 Pa.

Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 300, and followed in Piepke v. Philadelphia & Reading Ry. Co., 242 Pa. 321, and in a number of other cases.

After a careful review of the whole case we are not satisfied that we were in error in the submission of the case to the jury or that the case establishes such evidence as brings it within the rule that there is no duty upon the defendant company, or its employees, to be on the lookout for trespassers, as contended for by defendant.

Verdict for plaintiff for $1,770.83 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*John H. Wilson,* of *Wilson & McQuistion,* with him *Templeton & Whiteman,* for appellant.

*W. H. Martin,* with him *Samuel Walker,* for appellee.

PER CURIAM, January 8, 1917:
The judgment is affirmed by an equally divided court.

---

## Foster *v.* Butler County Light Company, Appellant.

*Negligence — Master and servant — Electric companies — Contributory negligence—Case for jury—Damages—Death.*

1. Where in an action to recover damages for the death of plaintiff's husband it appeared that deceased was engaged in stringing a telephone wire from one side of the street to another, that the wire came in contact with a high tension wire, and that deceased was ordered by his superior to cut the wire with pliers whereby he received the electric shock which caused his death, the case was properly submitted to the jury.

2. Where, in such case, defendant offered evidence that the su-