# Nikl v. Wilkes-Barre Railway Company, Appellant.

*Negligence—Automobiles—Collision with trolley car—Contributory negligence—Case for jury.*

In an action to recover damages for injuries sustained in a collision between a trolley car and a motor truck, the case is for the jury, and a verdict for the plaintiff will be sustained, where it appears that the plaintiff was riding on the running board of the motor truck, which had stopped in obedience to traffic regulations, in close proximity to the tracks of a street railway company and was struck by the rear end of the trolley car as it rounded the curve.

When one who is without fault is unexpectedly placed in a position of peril, he is to be dealt with in the light of his surroundings at the time, and he is not necessarily negligent even though his judgment was wrongly exercised.

Argued March 3, 1919. Appeal, No. 21, March T., 1919, by defendant, from judgment of C. P. Luzerne County, Jan. T., 1916, No. 628, on verdict for plaintiff in

case of Frank Nikl v. Wilkes-Barre Railway Company. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.    Affirmed.

Trespass for personal injuries.  Before WOODWARD, J.

From the record it appeared that the plaintiff sustained injuries in a collision between a street car and a motor truck, on which he was riding.

Verdict and judgment for plaintiff for $700.  Defendant appealed.

The facts further appear from the opinion of WOODWARD, J., dismissing motion for judgment non obstante veredicto.

The plaintiff in this case was riding by invitation or consent of the driver on the sideboard of an automobile truck belonging to Morris & Company, with his feet resting on the running board outside the truck, having been allowed to ride by the driver, on condition that he would not put his feet inside.  Two of his companions were riding ahead of him in the same position on the same side of the truck.  When the truck reached the end of the bridge at the intersection of West Market street and River street, in the City of Wilkes-Barre, it stopped so close to the track of the defendant company that an oncoming car in passing the truck, making a turn to reach the bridge, which caused the rear end of the street car to swing out, struck the plaintiff on the leg before he could get out of the way, thus causing the injury for which he seeks to recover in this case.

The truck on which he was riding had stopped in obedience to the signal of the traffic officer stationed at the intersection of River and West Market streets, but the street car coming in the opposite direction from the truck on Market street failed to obey the signal of the traffic officer and came on until it struck plaintiff.  There was no doubt under the evidence that the motorman of the street car was negligent in failing to obey the signal of the officer and that the accident was due to his negligence,

but the question of the contributory negligence of the plaintiff is not so clear.

The test is whether he did what an ordinary prudent man would do under the circumstances. If he had taken a position as a pedestrian so close to the track that the oncoming car hit him when it swung around the curve he would undoubtedly be guilty of contributory negligence, and the case would be ruled by Huffman v. Phila. Rapid Transit Company, 214 Pa. 87, because the car was running on a fixed track and he could easily have changed his position and he was bound to note the swing of the rear end of the car to make the curve, but being on an automobile truck, which, under the plaintiff's evidence, was hemmed in by another automobile in front of it, the only way he could have escaped if he had seen the car coming on would have been by jumping off the truck or putting his legs inside, where he had been forbidden to put them. He had a right to assume at the start that the car would obey the signal of the traffic officer. He says that he saw the car in front of the Sterling Hotel, at the point where it would have stopped if it had obeyed the signal, and assuming that it would stop he paid no further attention to it until warned by the shouts of his companions sitting on the truck ahead of him. It was then too late and he was caught before he could get out of the way. We cannot say as a matter of law that it was the duty of an ordinarily prudent man, assuming that the street car would stop in obedience to the signal, to have descended from the truck or to have changed his position. Whether he should have kept his eye on the car and not rested on the assumption that it would stop, and whether if he had done so he might have seen it in time to have escaped, is a closer question; but even then he might have assumed that the motorman would stop his car when he saw that it would come in collision with the truck and that the truck was hemmed in by the car in front of it, so that it could not move further away from the track. He found himself without fault of his unexpectedly placed

in a position of danger, and he is to be dealt with in the light of his surroundings at that time, and is not necessarily negligent even though his judgment was wrongly exercised. We cannot say under the circumstances that an ordinarily prudent person would have acted differently, but still think as we thought on the trial that this was a question for the jury, and that the case is ruled by Sieb v. Central Pennsylvania Traction Company, 47 Pa. Superior Ct. 228.

The motion for judgment non obstante veredicto is therefore denied.

*Error assigned,* among others, was in overruling defendant's motion for judgment n. o. v.

*Frank A. McGuigan,* and with him *John A. Lenahan* and *Paul Belford,* for appellant.

*Thomas D. Shea,* and with him *William P. Burke,* for appellee.

PER CURIAM, July 17, 1919:

The disputed facts of this case were fully and fairly submitted to the jury by the learned trial judge; afterward carefully considered and disposed of in an opinion refusing to enter judgment non obstante veredicto, and it would be mere repetition to further consider them. A jury alone could dispose of the disputed facts, and the defendant's contention that under all the evidence the verdict must be in its favor, simply transfers the consideration of the disputed facts from the jury to this court.

After a careful examination of the testimony we are satisfied that the case was rightly submitted to the jury, and their verdict fully warranted by the facts.

The judgment is affirmed.