# Fairman *v.* Dorney et al., Appellants.

*Negligence—Automobiles—Child—Crossing accident—Contributory negligence of mother—Case for jury.*

One who is hurt while endeavoring to save her child from probable injury, due to defendant's negligence, is not guilty of contributory negligence, unless the risk which she undertakes would appear so hazardous as would be condemned by the judgment of a prudent person.

In an action to recover damages for personal injuries the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that the plaintiff was struck by an automobile of the defendant, while crossing a street at the regular crossing, and that the plaintiff was injured while making an effort to save her child.

Where the plaintiff and her child were in the exercise of their perfect right in crossing the street at the proper place, and the child was as nearly under the control of the plaintiff as could be reasonably expected, under the circumstances, the court cannot say as matter of law that the mother was guilty of contributory negligence in making an effort to rescue her child from sudden peril.

Argued October 16, 1919. Appeal, Nos. 198 and 199, October T., 1919, by defendants, from judgment of C. P. No. 4, Philadelphia Co., December T., 1918, No. 3293, on verdict for plaintiffs in case of Bessie Fairman and Harry Fairman v. Joseph D. Dorney, Michael Dorney, John J. Trost and Thomas J. Flanagan, Individually and as Copartners, Trading as J. D. Dorney Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and KELLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

The facts appear in the opinion of the Superior Court.

Verdict for plaintiff, Bessie Fairman, for $300, and for plaintiff, Harry Fairman, for $400, and judgment thereon. Defendant appealed.

238, (1919).] Assignment of Error—Opinion of the Court.

*Error assigned* was the refusal of the defendant's motion for judgment non obstante veredicto.

*Samuel S. Herman,* and with him *Charles J. Sharkey* and *Harry S. Ambler, Jr.,* for appellant.—The plaintiff was guilty of contributory negligence: Toner v. Penna. R. R. Co., 263 Pa. 438; Watson v. Highland Grove Traction Company, 68 Pa. Superior Ct. 332; Keuhne v. Brown, 257 Pa. 37.

*Augustus T. Ashton* and *Victor Frey,* for appellee.

OPINION BY HEAD, J., December 9, 1919:

The action was brought by husband and wife to recover damages for personal injuries to the latter alleged to have been sustained by reason of the negligent act of the defendants' servant. After completing some purchases in a grocery store at the northwest corner of Master and Randolph streets in the City of Philadelphia, the wife carrying in her arms several packages and accompanied by her little boy, about six years of age, started to cross Master street from the north to the south side at the regular crossing place on that street. The width of the street from curb to curb is twenty-six feet. A street car line with a single track is in the middle of the street. If we assume the track to have occupied four feet in the width of the street there remained eleven feet of cartway on either side of the track. When the mother and child entered on the crossing the street was free from traffic and there was an unobstructed view in both directions save in so far and in so far only as it was prevented by a bread wagon standing on the street alongside the north curb. The mother and child passed behind the wagon and proceeded on their way over the crossing. Before leaving the curb she observed the autotruck driven by the defendants' servant coming eastward towards the crossing at what she regarded as a low rate of speed. It was then distant from the crossing about one

hundred feet.   After she had passed the street car track about three feet being then only approximately eight feet from the southern sidewalk the defendants' truck, then four houses away or about sixty feet, increased its speed.   Fearing the child, who was immediately in front of her, would be caught before reaching the curb she made a dash to seize it and secure its safety.   When, within a step or two of the southern curb, they were both struck and knocked down by the defendants' truck and the mother sustained somewhat serious physical injury. With the injuries suffered by the child, if any, we are not concerned in this appeal, as they were not sued for in this action.   The trial having resulted in a verdict and judgment in favor of the plaintiff, this appeal followed.

The errors assigned complain only of the refusal of the learned trial judge to direct a verdict for the defendant and of the court thereafter in declining to enter judgment for the defendant n. o. v.   The province of an appellate court in such cases is thus briefly stated by Mr. Justice SIMPSON in Toner v. Pennsylvania R. R. Co., 263 Pa. 438: "The single question for us is, therefore: Was there sufficient evidence to carry the case to the jury, assuming all the facts and inferences favorable to the plaintiff are decided in his favor, and all those antagonistic to him rejected?"   Tested by that rule, the above stated facts were established by the verdict of the jury.

Was there evidence of negligence on the part of the defendants' driver?   He was approaching a regular street crossing and, therefore, was called upon to anticipate the presence of pedestrians.   From the moment the mother and child emerged from the rear of the bread wagon on the north side of the street, their presence on the crossing and the fact they were committed to it, could have been plainly seen by the driver had he been exercising proper care.   In Kuehne v. Brown, 257 Pa. 37, we have a case in its facts quite similar to the one at bar, except that there the child crossed the street at a point which was not a regular crossing place.   Mr. Justice

FRAZER, describing the obligation of the driver of the automobile in that case, said: "The evidence shows defendant's view of the road, and of the child on the platform over the gutter and also in the street, was unobstructed, making the situation before him such as to impose upon him the use of due care to avoid injuring those who were rightfully using the highway, even though there was no crossing at this particular point......Assuming the car was operated at the minimum rate of speed, testified to by other witnesses, no apparent excuse is shown for defendant not seeing the child in time to stop his car and prevent the accident, in view of the testimony as to the distance which he traveled from the time the child started to cross......and the unobstructed condition of the street.   Consequently, the question whether he had notice of the presence of the child in the road in time to appreciate the danger and avoid a collision, was one for the jury to determine, under proper instructions from the court: Tatarewicz v. United Traction Co., 220 Pa. 560; Bloom v. Whelan, 56 Pa. Superior Ct. 277." With even greater force would this statement of the law apply to the present case where the parties were crossing at a regular crossing place.   Upon this branch of the case, therefore, the learned trial judge was clearly right in submitting the question to the jury.

Should the court have declared as matter of law the mother was guilty of contributory negligence in making an effort to rescue her child from sudden peril.   If the jury rightly determined that defendants' car was driven in the manner testified to by the mother and recited in the above statement of facts, there was support for the inference that the sudden peril of the child was brought about by the negligence of the driver rather than by a wholly unexpected and not to be anticipated act on the part of the child.   The present case is at once distinguishable upon its facts from Watson v. Highland Grove Traction Co., 68 Pa. Superior Ct. 332.   The mother and child were in the exercise of their perfect right in crossing the

street at the proper place and the child was as nearly in the custody and under the control of the mother as could be reasonably expected under all of the circumstances. The measure of her duty as well as her right to go to every reasonable length to rescue her imperilled child may well be left to the statement of it by the present Chief Justice in Corbin v. Philadelphia, 195 Pa. 461, which was distinctly and in terms reaffirmed in Toner v. R. R. Co., supra.

We are of opinion the case was correctly tried in the court below and that the judgment there entered should be affirmed.

Judgment affirmed.