DeGregorio et al., Appellants, *v*. Malloy et al.

Argued December 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John J. K. Caskie,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, and *I. G. Gordon Forster,* Assistant City Solicitor, for appellants.

*Samuel S. Herman,* with him *George L. Cogan,* for Anthony Siciliano, defendant.

*Robert A. Detweiler,* with him *George H. Detweiler,* for McNichol Paving & Construction Co., defendant.

*Todd Daniel,* with him *Henry Temin,* for Margaret Malloy, defendant.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 14, 1947:

This is an appeal from the refusal to remove a compulsory nonsuit in a trespass case. The plaintiff, a Philadelphia police officer, was injured in a motor accident, by being thrown from the running board of a truck on which he was standing. He was guiding the driver through heavy vehicular traffic, conveying a severely injured passenger to a hospital. The judgment of the court below was that plaintiff was guilty of contributory negligence in assuming a position of danger, and entered the nonsuit which it refused to take off. The appeal followed.

Plaintiff, on March 9, 1943, in the discharge of his duty, was stationed outside the United States Navy Yard on the north side east of Broad, in the City of Philadelphia. At about 9 a. m. a dump truck drove up and the driver "asked [plaintiff] to take him to the hospital, to direct traffic and clear traffic, that he had a seriously injured person in the truck." Plaintiff opened the right door of the cab of the truck and observed that

"there was a man laying across the lap of another man and he was bleeding all over and there was no room anywhere to get inside." Plaintiff then went to the driver's side (left) and stood on the running board. It was testified, and is a matter of judicial knowledge, that because of war conditions traffic to, from and about the Navy Yard was at the time exceptionally heavy. The reason which plaintiff assigned for standing on the running board was that he and his uniform could be seen, and he could be "able to direct traffic". With the plaintiff blowing his police whistle and the driver of the truck sounding his horn, the truck, with the injured man across the lap of the other passenger, proceeded north on Broad Street en route to the Methodist Hospital located at Broad and Wolf Streets, over a mile from the Navy Yard. While proceeding north on Broad Street, when south of Porter Street, the truck swerved to the right to pass an Army truck proceeding in the same direction and struck an ice truck parked double in front of 2517 South Broad Street. The truck on which the plaintiff was riding turned over. Plaintiff was severely injured.

Ordinarily one who unnecessarily rides on the running board of an automobile and is injured is guilty of contributory negligence as matter of law: *Schomaker v. Havey*, 291 Pa. 30, 139 A. 495; *Sexauer v. Pittsburgh Rys. Co.*, 305 Pa. 319, 323, 157 A. 603; *Valente v. Lindner*, 340 Pa. 508, 17 A. 2d 371; *Srednick v. Sylak*, 343 Pa. 486, 489, 23 A. 2d 333; *Earll v. Wichser*, 346 Pa. 357, 30 A. 2d 803; *Lettieri v. Blaisden*, 101 Pa. Superior Ct. 423, 424.

The reason for the rule is well stated by Mr. Justice DREW in *Earll v. Wichser*, supra, p. 358: ". . . where a person chooses a place of danger in preference to one of comparative safety, and by reason of his position is injured, his own act in placing himself in such dangerous position amounts to an assumption of the risk. . . ."

Where, however, the action arises because of the alleged negligence of some one other than the driver of the car, whether plaintiff's position constitutes the lack of exercise of care under the circumstances, is for the jury: *Robinson v. American Ice Co.*, 292 Pa. 366, 141 A. 244. See *Srednick v. Sylak*, 343 Pa. 486, 23 A. 2d 333. Also *McClung v. Pennsylvania Taximeter Cab Co.*, 252 Pa. 478, 97 A. 694; *Hull v. Bowers*, 273 Pa. 429, 117 A. 189; *Zavodnick v. A. Rose & Son*, 297 Pa. 86, 91, 146 A. 455; *Sexauer v. Pittsburgh Rys. Co.*, supra; *Hough v. American Reduction Company of Pittsburgh*, 315 Pa. 234, 172 A. 722.

And it is not contributory negligence, as matter of law, for a plaintiff to expose himself to danger in a reasonable effort to save life or injury. The question is then one of fact for the jury. See Restatement, Torts, section 472; 45 C. J. section 520, p. 966; 38 American Jurisprudence section 361, p. 1070; *Corbin v. Philadelphia*, 195 Pa. 461, 45 A. 1070; *Alemento v. Bessemer & L. E. R. R. Co.*, 255 Pa. 588, 100 A. 464; *Smith v. Standard Steel Car Co.*, 262 Pa. 550, 106 A. 102; *Toner v. Pennsylvania R. R. Co.*, 263 Pa. 438, 106 A. 797; *Whitman v. Stipp*, 270 Pa. 401, 113 A. 567; *Fairman v. Dorney*, 73 Pa. Superior Ct. 238. A police officer was held not to be guilty of contributory negligence (1) when struck by a fire patrol wagon while pushing a woman and child into a place of safety: *Muhs v. Brooklyn Fire Ins. Salvage Corp.*, 89 App. Div. 389; 85 N. Y. S. 911 and (2) when injured by racing motor cyclists where the station assigned to him was inside the race track: *Maskell v. Alexander*, 91 Wash. 363, 157 P. 872; (3) when a dangerous live uninsulated electric wire was being removed with his police club: *Dillon v. Allegheny County Light Co.*, 179 Pa. 482, 36 A. 164. See also: 61 A. L. R. annotations, p. 1028 at page 1030 et seq.

In the case of emergency one is not required to exercise the *best* judgment. The test is whether plaintiff acted as a reasonably prudent man would have

acted under the same or similar circumstances. The answer is for the jury: *Gibbons v. Wilkes-Barre, etc., R. Co.*, 155 Pa. 279, 26 A. 417; *Cannon v. Pittsburgh, etc., Tract. Co.*, 194 Pa. 159, 44 A. 1089; *Centofanti v. Pennsylvania R. Co.*, 244 Pa. 255, 90 A. 558; *Kelly v. Pennsylvania R. Co.*, 264 Pa. 426, 107 A. 780; *Montgomery v. Philadelphia*, 270 Pa. 346, 113 A. 357; *Shaughnessy v. Consolidated Tract. Co.*, 17 Pa. Superior Ct. 588; *Russell v. Westmoreland County*, 26 Pa. Superior Ct. 425; *Flaherty v. Scranton Gas, etc., Co.*, 30 Pa. Superior Ct. 446; *Nikl v. Wilkes-Barre R. Co.*, 72 Pa. Superior Ct. 11; *Morris v. Schuylkill R. Co.*, 78 Pa. Superior Ct. 332.

Appellees rely upon the Act of June 27, 1939, P. L. 1135, section 1023 (b), amending the motor vehicle code of May 1, 1929, P. L. 905, 75 PS 632, which provides: "No person shall hang on to, or ride on, the outside or the rear end of any vehicle." *Srednick v. Sylak*, 343 Pa. 486, 23 A. 2d 333; *D'Ambrosio v. Philadelphia*, 354 Pa. 403, 47 A. 2d 256. This section is entitled "Tampering with Vehicles." We have held that the legislature intended thereby an unauthorized or unwarranted meddling with a motor vehicle. Its purpose was to prevent injuries to *trespassing persons: Harris v. Seiavitch;* 336 Pa. 294, 9 A. 2d 375. The plaintiff, in the instant case was not a trespasser.

Plaintiff alleged that defendant Malloy was the owner of the truck and the employer of its driver; that defendant Siciliano leased the truck and driver from defendant Malloy; that defendant, Siciliano, sublet the truck and driver to defendant McNichol Paving and Construction Company, Inc., and that the additional defendant, Francis Quinn, was the owner of the ice truck with which the truck on which plaintiff was riding came in collision.

Concerning the liability of the additional defendant, who was not operating or responsible for the operation of the truck, whether plaintiff, in standing on the running board, was negligent, is a question of fact for the jury and not one of law for the court.

As to the other defendants, we are convinced that whether plaintiff's position was dangerous, in all the circumstances, as lacking the exercise of care, is also for the jury. Plaintiff, a police officer, in the proper exercise of his duties, was met with an emergency and exposed himself to danger in a reasonable effort to save life. He observed a bleeding severely injured man in the cab of the truck lying across the lap of the passenger. He was requested to conduct the vehicle, through extremely heavy traffic, to the hospital which was over a mile away. In such an emergency and with commendable effort, it was not unnatural and improper for the officer, in full police uniform, to stand upon the running board of the truck so that in blowing his police whistle to open and direct traffic he would be in plain sight of other users of the highway. This is the ordinary and usual method adopted by policemen in similar circumstances: instance secret service men on the running boards of automobiles while conducting Presidents of the United States, or other distinguished personages through city streets. In the congested traffic conditions then prevailing it would have been futile for the officer to have climbed in the dump truck where obviously his presence would have been obscured and his object frustrated. It would have been equally ineffective to have commandeered another vehicle, which, in heavy traffic, would be apt to be separated from the truck carrying the severely injured passenger. Even though subsequent or more mature judgment might have indicated that plaintiff secure a safer position, yet in the existing emergency with which he was confronted, plaintiff was not required to exercise his best judgment. At least, we cannot say that he was guilty of contributory negligence under such circumstances, as matter of law: the question should have been left to the jury.

In entering the nonsuit the court below relied upon *Valente v. Lindner*, 340 Pa. 508, 17 A. 2d 371. In that case there was not shown to have been an emergency.

The driver of the car merely asked directions to the hospital. As Mr. Justice DREW pointed out, p. 511, the officer's ". . . obedience to duty did not require him to ride on the running board. . . ." There was not the slightest indication that his presence was necessary that: ". . . If it was actually impossible for him to direct defendant to the hospital without accompanying him in person (which did not appear in the record). . . ." he could have exchanged places with the uncle in the car, or could have commandeered another car to lead the way. For these reasons the *Valente* case is not controlling in the facts now before us.

The judgment is reversed and a *procedendo* awarded.