## Commonwealth v. Harker

*Paul Millin,* for petitioner.

WOLFE, *P.J.,* October 22, 1984—On August 11, 1984, defendant was issued a citation by the Pennsylvania State Police for violation of Section 3711 (a) of the Motor Vehicle Act, (75 Pa.C.S. §3711):

Unauthorized Persons and Devices Hanging on Vehicles

(a) GENERAL RULE — No person shall hang onto or ride on the outside or the rear end of any vehicle and no person on a pedalcycle, motorcycle, roller skates, sled or any similar device, shall hold fast to or attach the device to any moving vehicle, and no operator of a vehicle or streetcar shall knowingly permit any person to hang onto or ride on the outside or rear end of the vehicle or streetcar operated, or allow any person on a pedalcycle, motorcycle, roller skates, sled or any similar device to hold fast or attach the device to the vehicle or streetcar operated on any highway".

On the date of August 11, 1984, defendant was operating his vehicle on a public road. Defendant's 14-year old son was seated at the passenger side of

the vehicle and was holding a spotlight out of the window for the purpose of spotting deer. As the police vehicle approached defendant's vehicle the officer testified he observed a figure leaning over the roof with a spotlight from the passenger door. The officer stated the figure's upper part of the body was out of the window. When the officer stopped the vehicle he learned the figure was the son of defendant and therefore cited defendant for a violation of Section 3711.

This appeal is before us de novo after conviction in the district magistrate court and we reverse.

In DeGregorio et al. v. Malloy, 356 Pa. 511, 52 A.2d 195 (1927) the court held in interpreting section 3711 the legislature intended and it was its purpose to prevent injuries to trespassing persons. Harris v. Seizatch, 336 Pa. 294, 9 A.2d 375 (1939).

In the instant case defendant's son was not hanging onto or riding on the outside of defendant's vehicle nor was he holding fast to or attached to defendant's vehicle. There is no testimony the son was in danger of falling from the vehicle in the manner in which he was spotlighting the deer.

For these reasons we enter the following

## ORDER

And now, this October 22, 1984, the conviction of defendant is reversed. Costs to be paid by Forest County.